USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/29/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JANNETTE JULIAO,**

        **Plaintiff,**

    **-against-**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

**19-cv-10926 (ALC)**

**ORDER**

**ANDREW L. CARTER, United States District Judge:**

    Plaintiff Jannette Juliao brought this action against the Commissioner of Social Security, appealing the Social Security Administration's ("SSA") denial of disability insurance benefits. On March 25, 2020, the Parties filed a proposed stipulation and order reflecting the parties' agreement to remand this action to the SSA. On April 7, 2020, the Parties stipulated to Plaintiff's counsel's fee award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On April 10, 2020, the Court awarded Plaintiff a total of $844.60 in fees. ECF No. 22. Plaintiff now moves for attorney fees pursuant to 42 U.S.C. § 406(b).

    Section 406(b) intends to control, rather than displace, the contingent-fee agreements between Social Security claimants and their counsel. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) ("[I]t is unlikely that Congress, simply by prescribing "reasonable fees," meant to outlaw, rather than to contain, such agreements."). Fees awarded pursuant to § 406(b) are payable only out of the benefits recovered by the claimant. Where the claimant's attorney previously recovered fees pursuant to the EAJA, the attorney must refund the smaller fee to the claimant. *See Gisbrecht*, 535 U.S. at 796.

    Section 406(b) limits "recovery of any fees to no more than 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [the court's] judgment." 42

U.S.C. § 406(b)(1)A). Even where an attorney's requested fee falls below the 25 percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

In determining whether the requested fee is reasonable, district courts first look to whether the requested fee reflects "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Gisbrecht*, 535 U.S. at 802 (quotation marks omitted). Courts in this district consider the following factors in determining the reasonableness of the requested fee award:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

Plaintiff recovered past-due benefits totaling $16,132. Plaintiff's counsel's requested fee, $4,033, meets the 25 percent statutory cap. Counsel's efforts proved successful in obtaining a favorable judgment in this action. There is no indication that counsel caused any unreasonable delay in the proceedings. Plaintiff's hourly rate, $988 based on the expenditure of 4.1 hours of work, is not so large as to result in a windfall. The Court finds that the contingent-fee agreement and requested fee award are reasonable under the circumstances.

For the foregoing reasons, Plaintiff's motion for attorney fees in the amount of $4,033 is **GRANTED**. Upon receipt of that payment, Plaintiff's counsel is hereby **ORDERED** to directly refund the $844.60 in attorney's fees previously awarded pursuant to EAJA.

**SO ORDERED.**

Dated:   **December 29, 2021**
         **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**